**Lee Anna JONES et vir, Appellants,**

v.

**COMMERCIAL UNION ASSURANCE COMPANY, Ltd., Appellee.**

No. 6742.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 14, 1965.

Waldman & Smallwood, Beaumont, for appellants.

Orgain, Bell & Tucker, Beaumont, for appellee.

PARKER, Justice.

This was a suit to recover workmen's compensation for injuries sustained by appellant, Lee Anna Jones, in the course of her employment with an assured of appellee, Commercial Union Assurance Company, Ltd. Appellant alleged that she was totally

and permanently disabled by reason of injuries sustained on or about September 24, 1960, in the course of her employment with Cafeterias, Inc., d/b/a Luby's Cafeterias. Upon the jury finding the duration of appellant's temporary total disability was 16 weeks, judgment was entered awarding the plaintiff compensation in the amount of $322.56.

On the finding of 16 weeks temporary total disability appellant assigns "no evidence" and "insufficient evidence" points of error. Portions of testimony as to appellant's disability whether viewed from "no evidence" test or "insufficient evidence" test are set forth hereinafter. In the "no evidence" point, that part of the record most favorable to appellee supporting the jury's finding is controlling. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W. 2d 609, 23 A.L.R.2d 1114 (1950). All the evidence is reviewed in considering the "insufficient evidence" points. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

For the entire year of 1960 prior to the accident Lee Anna Jones only earned $120.81, working for one employer except for some vague reference to doing some beauty shop work. Her occupation with the cafeteria was that of bus girl. Lee Anna Jones testified that the work of a bus girl was hard work. After her injury she was treated first by Dr. Bourgeois, then Dr. Rogers Pierson until he died in June 1962, then by Dr. Skarke and finally by Dr. Williams on April 5, 1963. To the latter, she complained of having pain in the lower back and weakness in the lower legs, which complaints she repeated to him on October 10, 1963, and on December 27, 1963. He testified in his opinion he didn't think she could work as a bus girl at the time of any of his examinations of her. Appellant and her husband testified to the same effect.

In the 39 months after the accident and before the trial, she had two normal children and one miscarriage; had gone fishing, dancing on week-ends in high heels, visited relatives in Louisiana, gone to night clubs, taken care of her house and five children, although at times with assistance. From 1956 down through 1963 she had had seven pregnancies or more.

Lee Anna, on cross examination, testified:

"Q. If you had a lot of lifting and walking to do. To be absolutely fair about it, Lee Anna, there is a lot of work you could do, isn't there, light work?

"A. Yes, I can do some heavy work, too, but I may hurt afterwards. I can do it, yeah, I can pick up, but I could hurt from it after that, too.

"Q. And it depends on how much of it you do, and you can gauge that yourself? It depends on how much of it you do as to how much you hurt afterwards?

"A. Well, I don't know. I've never tried that way."

Dr. Martin Haig, witness for appellee, testified that he had examined Lee Anna Jones on January 9, 1961; January 16, 1961; February 16, 1962; May 21, 1962; and on January 9, 1964. After detailing his examination, tests, x-rays and findings he stated that on each examination it was his opinion that she was able to go to work. Some of his examinations were made at a time when she was pregnant, which prevented a full examination. However, she was not pregnant on January 9, 1961, or on January 9, 1964. Without qualification, Dr. Haig stated that he could see no reason why appellant could not obtain employment as a bus girl in a cafeteria; that she had no permanent disability in her lower back with no objective findings upon examination or x-ray indicating she had any disability. Appellant's "no evidence" point on disability is overruled. Appellant's "insufficient evidence" points on appellant's disability are overruled because the jury verdict thereon is not so against the great weight and preponderance of the evidence as to be manifestly unjust.

Appellant's first two points of error are directed at the trial court's action in granting appellee's request for a medical examination of appellant during the trial, resulting in the examination of appellant on January 9, 1964, by Dr. Haig who testified during the trial prior to and after such examination. Haig had testified that upon his first examination some 16 weeks subsequent to appellant's injury that she was able to go to work, having no disability; that he was of the same opinion from each of his examinations through May 21, 1962. Since he had not examined appellant since May 21, 1962, appellee moved the court to have appellant submit to examination by Haig during the trial, which the trial court allowed after twice refusing such request.

The record shows this case had been set for trial nine times. On call of the docket on December 27, 1963, appellee announced ready, subject to medical. It was so stipulated. Trial started at 4:20 p. m., January 6, 1964. Thereafter, appellee made its first request during the trial for physical examination January 7, 1964. The jury returned its verdict January 10, 1964. On January 7, 1964, appellee asked appellant's counsel for the examination, and upon refusal, made its motion to the court which was denied. On January 8, 1964, appellee's attorney called as a witness his secretary on the motion and out of the hearing of the jury. She stated that on December 31, 1963, she had set up an appointment for a medical examination of Lee Anna Jones on January 7, 1964, and relayed the request for such to appellant's attorneys' office. Such request apparently was not relayed to the appellant or her attorneys. Once again, the court denied appellee's motion. At that point, appellee moved for leave to withdraw its announcement of ready, or alternatively, for mistrial as follows:

"MR. COBB: Comes now the defendant, Commercial Union Assurance Company, Ltd., and in view of the entire record developed on its Bill of Exception, that is to say, its announcement of ready subject to a medical, the subsequent setting of an appointment for a medical, the communication thereafter with plaintiff's office and the various matters that were developed in the bill, the two requests for medical, the fact that he has now shown to the Court that counsel requested a medical appointment and such was given at the earliest possible opportunity, that the doctor could make the appointment, and it was subsequently communicated to plaintiff's office, and that the plaintiff's attorney has constantly harped on that subject on his cross examination as shown by the entire record, and his candid remark to the Court that this was 'the strongest point of his case', moves for leave to withdraw its announcement of ready and be allowed— for the Court to declare a mistrial and the [the] Court to re-set this case at its earliest possible opportunity. Respectfully submitted.

"MR. WALDMAN: I oppose.

(Off-the-record discussion between Court and counsel.)"

On this third motion, the statement of facts does not reflect the "(off the record discussion between Court and counsel)". In their briefs both sides agree the court ordered Lee Anna Jones to submit to a medical examination by Dr. Haig, but no order appears in the record. Such examination was made, and Dr. Haig thereafter testified to her then condition. When Dr. Haig first testified, he had not examined Lee Anna Jones for 18 months. Counsel for appellant asked him many questions indicating that Lee Anna Jones had developed symptoms in the 18 months preceding the trial corroborating her claim of total permanent disability to work. Without examination during the trial, an effective argument could have been made to the jury by counsel for appellant that without recent medical examination of Lee Anna Jones by Dr. Haig, the latter's opinion of Lee Anna Jones' physical condition was not the best. As of January 9, 1964, Dr. Haig found her physical condition to be the same as upon his

examination of her 16 weeks after her accidental injury. It is apparent that the jury believed Dr. Haig was correct in his diagnosis and opinion formed upon his first examination of appellant. This court, not knowing the contents of the "off the record" discussion, cannot hold the trial court abused its discretion in ordering the medical examination of Lee Anna Jones by the physician selected by appellee, particularly when the same physician found no disability 16 weeks after the accidental injury or at any subsequent examination, including that had during the trial. The trial court did not abuse its discretion in ordering the examination during the trial, although such last minute examinations during trial are not to be encouraged. Appellant's points of error complaining of the medical examination of Lee Anna Jones during the trial are each and all overruled.

◼ Lee Anna Jones was a bus girl employed by Luby's Cafeteria requiring her to pick up trays, some light, some heavy; she would have to bend, stoop and lift things and stay on her feet over long periods of time and at times carry objects fairly heavy. Dr. Williams testified several times that he didn't think that she was qualified to do those tasks. Counsel for appellant also asked these questions and answers, which were excluded from jury consideration but there is no bill of exception to the exclusion:

"Q. All right, then, Doctor, if this girl were sent to you to do a pre-employment physical in order for you to determine whether or not to express an opinion as to her ability or capacity to perform her usual work, would you pass her for this type of employment?

\* \* \* \* \* \*

"A. Well, if they required very strict physical examination, I would say you would probably turn her down."

\* \* \* \* \* \*

"Q. All right, Doctor, I'll ask you, then, considering that her employment for

Luby's Cafeteria was as a bus girl with the duties of picking up trays of food and carrying them back to certain portions of the premises at Luby's Cafeteria, on occasion bending and stooping and standing for long periods of time, would you pass her on a pre-employment physical to do work of that nature?

"A. I don't think so."

Appellant has a point of error directed at the refusal of the trial court to allow Dr. Ford G. Williams to testify as to whether or not he would have passed Lee Anna Jones for a pre-employment physical examination. The answer of Dr. Williams, which was excluded from jury consideration, was equivocal and would not have bolstered Lee Anna Jones' case. Certainly, these questions and answers excluded from jury consideration were repetitious and cumulative of Dr. Williams' other testimony. For the above reasons, the exclusion of such questions and answers from jury consideration did not cause the rendition of an improper judgment. The point of error is overruled as being harmless under the provisions of Rule 434, Texas Rules of Civil Procedure.

In view of a stipulation the parties entered into, the appellants are entitled to recover from appellee medical expenses amounting to $313.50.

The judgment of the trial court is affirmed in part and reformed and rendered in part as follows: That part of the judgment in which the appellants recover of and from the appellee $322.56, with the law firm of Waldman and Smallwood being entitled to 30% thereof as their attorneys' fees for representing the appellants in said action, is affirmed. The judgment of the trial court is reformed so that appellants, Lee Anna Jones and husband, Joseph Jones, shall have and recover of and from Commercial Union Assurance Company, Ltd., the additional sum of $313.50 by reason of the medical bills set forth in the above stipulation, and as so reformed, is affirmed.